# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,[1]<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 20-cv-05608-BLF<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[Re: ECF 28] |

Plaintiff Anthony Moreno's counsel ("Counsel") moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) following Plaintiff's successful appeal of the denial of Social Security benefits. *See* Mot., ECF 28. Counsel seeks attorneys' fees in the amount of $23,000 on a past-due benefits award of $138,772. *See id.* The Government has filed a response identifying the factors to be considered by the Court in evaluating Counsel's motion, and declining to take a position on the motion. *See* Response, ECF 30. The Court previously determined that Counsel's motion is appropriate for decision without oral argument and vacated the hearing noticed for August 8, 2024. *See* Order, ECF 32.

Counsel's motion for $23,000 in attorneys' fees is GRANTED as discussed below.

## I.　BACKGROUND

Plaintiff filed this action on August 12, 2020, seeking review of the denial of his application for Disability Insurance Benefits. *See* Compl., ECF 1. The Court granted in part and denied in part Plaintiff's motion for summary judgment, denied Defendant's cross-motion for summary judgment, reversed the denial of benefits, and remanded for further administrative

---

[1] Martin O'Malley is now the Commissioner of Social Security and is substituted in place of former Acting Commissioner Kilolo Kijakazi as Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

proceedings. *See* Order, ECF 24. Plaintiff obtained a favorable result on remand, obtaining an award of past-due benefits in the amount of $138,772. *See* Notice of Award, ECF 28-3.

Counsel represented Plaintiff pursuant to a written contingent-fee agreement, under which Counsel is entitled to attorneys' fees in an amount not greater than 25% of any past-due benefits awarded to Plaintiff. *See* Attorney's Fee Contract, ECF 28-4. As is standard, the Social Security Administration withheld 25% of the $138,772 past-due benefits award, or $34,693, to pay any attorneys' fees that might be owed. *See* Notice of Award at 3. Counsel does not seek the full amount of attorneys' fees withheld by the Social Security Administration; he seeks $23,000, which is approximately 16.5% of the $138,772 benefits award.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Crawford*, 586 F.3d at 1147. The district court must conduct a "review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The district court does not apply the lodestar method, but may consider a lodestar calculation as an aid in assessing the reasonableness of the requested attorneys' fees. *See id.*

Where attorneys' fees have been paid by the Government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the EAJA fees must be offset against any fees awarded under § 406(b). *See Gisbrecht*, 535 U.S. at 796. "Under EAJA, a party prevailing against the

United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* (quoting 28 U.S.C. § 2412). Fee awards may be made under both EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee award. *See id.*

## III. DISCUSSION

This Court has no difficulty concluding that Counsel's request for attorneys' fees in the amount of $23,000 is reasonable. The requested fees, which are approximately 16.5% of the past-due benefits recovered by Plaintiff, are significantly lower than the 25% of the past-due benefits bargained for in the contingent-fee agreement. Counsel obtained a favorable benefits award, resulting in Plaintiff's recovery of past-due benefits in the amount of $138,772. Nothing in the record suggests that Counsel's performance was substandard. Counsel represents that he spent 20.85 hours on the case. An award of $23,000 would result in an effective hourly rate of $1,103. Other district courts in the Ninth Circuit have approved attorneys' fees awards resulting in similar or higher effective hourly rates. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) ("[F]ee awards with hourly rates exceeding $1,000 have been approved by courts in this district on numerous occasions."); *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("[T]he Court finds the de facto hourly rate of $1,213.83 is reasonable under *Gisbrecht*.").

Counsel previously was awarded EAJA fees in the amount of $4,241.23. *See* Stip. and Order, ECF 27. Counsel acknowledges that the EAJA fees must be offset against the award of fees under § 406(b), and represents that he will refund that amount to Plaintiff.

## IV. ORDER

(1) Counsel's motion for $23,000 in attorneys' fees under § 406(b) is GRANTED; and

(2) Counsel SHALL refund to Plaintiff $4,241.23 in EAJA fees previously awarded.

Dated: September 6, 2024

BETH LABSON FREEMAN
United States District Judge